OPINION OF THE COURT
Timothy J. Lawliss, J.
On April 27, 2011, Clinton County Department of Social Services (hereinafter the Department) filed two petitions under article 10 of the Family Court Act concerning the same five children: Deonna “W.”, date of birth xx/xx/xx; Kyia “W.”, date of birth xx/xx/xx; Isabel “W”, date of birth xx/xx/xx; Chloe “W”, date of birth xx/xx/xx; and Christopher “W”, date of birth xx/ xx/xx. The petitions allege that all five children were neglected by their parents, the respondents, Brenda “W” and Alan “W” On April 28, 2011, upon the Department’s application, this court (McGill, J.) issued an order which temporarily removed all five of the subject children from their home. The court temporarily placed the children in the custody of the Commissioner of the Clinton County Department of Social Services. On May 2, 2011, this court (Lawliss, J.) pursuant to Family Court Act § 1017 (1) directed the Department to conduct an immediate investigation. Upon receipt of such an order, the Department is obligated to basically take three steps: (1) locate certain individuals; (2) provide the located individuals specific items of information; and (3) record the results of the investigation, including certain specific items of information, in the Department’s uniform case record maintained pursuant to Social Services Law § 409-f. Interestingly, Family Court Act § 1017 does not expressly require the Department to file a report with the court; however, the section appears to presume that the Department will file some type of report with the court because Family Court Act § 1017 (2) identifies actions that the court shall take “upon receipt of the report of the investigation.”*
Under Family Court Act § 1017 (1) the Department is required to locate the following individuals: (1) any nonrespondent parent of the children; (2) any relatives of the children *427 including all the children’s grandparents; (3) all suitable relatives identified by any respondent parent or any nonrespondent parent; and (4) any relative identified by a child over the age of five as a relative who plays or has played a significant positive role in his or her life. The location requirement of the statute is confusing in at least three respects. First, categories three and four appear to be a subset of relatives that are covered by category two. Second, category two appears to have no bounds. Third, with respect to the third category of individuals, the statute is unclear as to who determines which relatives are suitable for purposes of the Department’s Family Court Act § 1017 obligations. Are the relatives suitable for purposes of the Department’s Family Court Act § 1017 obligations whenever a respondent or nonrespondent parent claim the relative is suitable; or are the relatives suitable for purposes of the Department’s Family Court Act § 1017 obligations only when the Department finds the relative suitable?
Under Family Court Act § 1017 (1), upon locating each of the identified relatives, the Department must inform the relative of: (1) the pendency of the proceeding; (2) the opportunity for becoming a foster parent or for seeking custody or care of the child; and (3) that the child may be adopted by foster parents if attempts at reunification with the birth parents are not required or are unsuccessful.
Under Family Court Act § 1017 (1), after locating the identified individuals and providing those individuals with the specified information, the Department’s only other express duty is to record the results of such investigation including, but not limited to, certain specific items of information regarding all nonrespondent parents. Notably, Family Court Act § 1017 does not expressly require the Department to investigate the backgrounds of any of these individuals to determine whether or not they are appropriate resources for the subject child and, as previously noted, there are no specific requirements as to what, if anything, must be included in a report to the court after the conclusion of the investigation.
In this proceeding, on May 9, 2011, the Department filed a letter with the court regarding the Department’s investigation. In their letter, the Department indicated that they have located all four of the children’s grandparents. The paternal grandfather indicated to the Department that he was not interested in serving as a custodial resource for the subject children; however, the children’s other three grandparents expressed to some extent *428 an interest in serving as a custodial resource. Notwithstanding the grandparents’ interest, the Department indicated that they were not recommending any of the grandparents to serve as a resource and provided a very brief (two to four sentences) explanation as to their position. In addition to the grandparents, the Department also located 12 other relatives of the subject children. Two of the 12 relatives affirmatively indicated to the Department that they were not available as custodial resources for the subject children. For each of the remaining 10 relatives, the Department either took no position or affirmatively recommended against placing the children with the relatives. The court cannot determine from the correspondence submitted whether or not the Department fulfilled its responsibility under Family Court Act § 1017. In their correspondence, the Department does not indicate whether or not the Department attempted to locate all relatives identified by the three oldest children (who were over the age of five at the time of removal) as relatives who play or had played a significant positive role in that child’s life.
Notwithstanding the lack of any requirement in Family Court Act § 1017 that specific information be provided to the court, Family Court Act § 1017 (1) requires the court to
“determine:
“(a) whether there is a suitable non-respondent parent or other person related to the child with whom such child may appropriately reside; and “(b) in the case of a relative, whether such relative seeks approval as a foster parent pursuant to the social services law for the purposes of providing care for such child, or wishes to provide free care and custody for the child during the pendency of any orders pursuant to this article.”
Family Court Act § 1017 is completely void of any provisions specifying how the court is to make this determination.
As a result of the void of procedural guidance in Family Court Act § 1017, the court invited the parties to take a position as to how the court should proceed with respect to its obligation to make a determination regarding relatives under Family Court Act § 1017 (1) and (2). The Department of Social Services, the Attorney for the Children and the father all submitted correspondence outlining their positions. The mother did not submit a position on this issue. The consensus of the submitting parties is that the court should conduct an evidentiary hearing to *429 determine if any of the located relatives, who have not expressly stated they are not interested in having the children in their home, are suitable relatives. The submissions appear to presume that the court should schedule such an evidentiary hearing sua sponte.
Although the court agrees that it is within the authority of the court to make its own motion pursuant to Family Court Act § 1061 to modify the temporary order which placed the children and to make a suitability determination under Family Court Act § 1017, that approach creates an awkward situation and is undesirable. If the court makes the motion, who has the burden of going forward with evidence? Who has the burden of proof on the issue of suitability and whether or not a modification of the temporary placement serves the best interest of the child? The court is not in a good position to present evidence nor is the court in a position to be aware of all the relevant evidence that could be presented on the issue. As noted above, there is no requirement that the contents of the Department’s report provide the court with any information, much less comprehensive information regarding the suitability of each located relative. And, of course, the court cannot presume the content of the Department’s report is accurate.
On the other hand, if the Department, the Attorney for the Children or either respondent believes that a modification of the temporary placement would serve the best interest of one or more of the children, each has standing to submit a motion to the court proposing the temporary placement of the children be modified. If after a motion is filed, there is opposition to the motion that raises a material issue of fact, the court can schedule an evidentiary hearing to resolve the issue of fact. In the event that there is no opposition or no genuine dispute of a material fact, the court would be free to make a determination upon the motion papers alone. (See Family Ct Act § 1061.)
Furthermore, after being informed of the existence of a case and their opportunity to become foster parents or seek custody and care of the child, any located relative could file a Family Court Act article 6 petition seeking permanent custody of a child or move to intervene in the pending article 10 proceeding in order to obtain temporary placement of the children. (See Family Ct Act § 1028-a.)
In conclusion, the court holds that it fulfills its obligation to make a determination regarding the suitability of a relative under Family Court Act § 1017 when the court resolves filed *430 motions. Absent such a motion, there is no determination to be made, since no interested party is asking for a modification of the existing order. Although the court may file its own motion seeking a modification pursuant to Family Court Act §§ 1061 and 1017, the court is not obligated to do so. Upon the facts of this case, the court will take no further actions regarding this issue until and unless a motion is filed requesting action.

 See also Family Court Act § 1052-c which states, upon the court’s determination to enter an order of disposition placing a child, the court must immediately require the Department to report to the court the results of the Department’s Family Court Act § 1017 investigation. Although Family Court Act § 1017 applies to both orders of disposition and temporary removal orders made pursuant to part 2 of article 10, the Family Court Act § 1052-c report requirement only applies to orders of disposition, not temporary removals made pursuant to part 2 of article 10.